UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SUSAN CHIAPPETTA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CAUSE NO: 2:15-cv-462 |
| | ) |
| NISOURCE, INC., d/b/a NORTHERN | ) |
| INDIANA PUBLIC SERVICE CO., | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Susan Chiappetta ("Chiappetta"), brings this action against Defendant, NiSource, Inc. d/b/a Northern Indiana Public Service Company ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities Act ("ADA"), as amended.

## PARTIES

2. Chiappetta has resided within the Northern District of Indiana at all relevant times.

3. Defendant is a corporation operating within the Northern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 12117.

5. Chiappetta was an "employee" within the meaning of 42 U.S.C. § 12111(4).

6. Chiappetta was a qualified individual with a disability, had a record of a disability, and/or was regarded as disabled by Defendant.

7. Defendant is an "employer" within the meaning of the ADA.

8. Chiappetta satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination (Charge Number 470-2015-01142) with the

Equal Employment Opportunity Commission.  Chiappetta received her "Dismissal and Notice of Rights" and now timely files her lawsuit.

9. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

10. Chiappetta was hired by Defendant in 1994.

11. At all times relevant herein, Chiappetta has been employed as an Electric Meterman.

12. At all relevant times, Defendant has been aware of Chiappetta's disabilities.

13. Chiappetta has bladder cancer, is diabetic, has had back surgery to correct several herniated discs in her spine, and suffers from depression. These ailments have substantially limited her in one or more major life activities, including, but not limited to, bending, performing manual tasks, caring for self, standing, walking, and lifting.

14. Additionally, Chiappetta's disabilities require unhindered access to clean restroom facilities for catherization as well as testing and injection of insulin.

15. Chiappetta is capable of performing the essential functions of her job duties with a reasonable accommodation for her disabilities.

16. Chiappetta had been given certain accommodations from her previous supervisor, Jack Swims, including more desk work.

17. Chiappetta's job duties differ from the official job description for her position. Chiappetta is employed at Central Electric Metering and is not a "field" meterman.

18. Chiappetta's job involves testing metering equipment, stocking and inventorying metering equipment, and record-keeping, and requires occasional light lifting.

19. On or about March 3, 2014, Chiappetta submitted a formal request for accommodations. This request constituted protected activity.

20. Defendant failed to engage in the interactive process with Chiappetta and failed to accommodate her requests for accommodations.

21. Upon returning to work after taking several days off for her disabilities in early October 2014, Chiappetta was locked out of Defendant's facility and required to perform a "fitness for duty" test, which she passed.

22. On or about November 5, 2014, Chiappetta filed an internal complaint alleging disability discrimination with Defendant's Human Resources Department after a co-worker demanded to know the nature of her disabilities. This action constitutes protected activity.

23. On or about November 14, 2014, Chiappetta submitted another formal request for accommodation(s) for her disabilities. This constitutes protected activity.

24. Defendant has failed to grant Chiappetta's requested accommodations.

25. On or about November 17, 2014, Chiappetta was isolated from her department when her co-workers were allowed to move their desks away from her and she was excluded from the monthly inventory and other job activities.

26. In or about December, 2014, Chiappetta requested additional equipment to aid in lifting various items in the course of her employment. This request for a reasonable accommodation constitutes protected activity.

27. Defendant has failed to grant this requested accommodation.

28. One of Chiappetta's supervisors, Salina Rivera-Salinas, has told Chiappetta that the requested accommodations are "unfair" to her co-workers and that she wasn't sure if they could be granted.

29. Upon information and belief, other similarly situated employees who are not disabled and/or have not engaged in statutorily protected activities have been subjected to more favorable terms and conditions of employment than Chiappetta.

## COUNT I

## DISABILITY DISCRIMINATION / FAILURE TO ACCOMMODATE – ADA

30. Chiappetta hereby incorporates paragraphs 1-29 of her Complaint.

31. Defendant took adverse employment actions against Chiappetta based on her disability, her record of a disability, and/or its perception of her being disabled.

32. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Chiappetta's rights as protected by the ADA.

33. Chiappetta has suffered harm because of Defendant's unlawful acts.

## COUNT II

## RETALIATION – ADA

34. Chiappetta hereby incorporates paragraphs 1-34 of her Complaint.

35. Chiappetta requested a reasonable accommodation.

36. Chiappetta's request for a reasonable accommodation constituted statutorily-protected conduct.

37. Chiappetta engaged in statutorily-protected activities.

38. Defendant took adverse employment actions against Chiappetta in retaliation for her engagement in statutorily-protected conduct.

39. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Chiappetta's rights as protected by the ADA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Susan Chiappetta, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant grant Chiappetta her reasonable requested accommodations;

2. Defendant pay lost wages and benefits to Chiappetta, if any;

3. Defendant pay compensatory and punitive damages to Chiappetta;

4. Defendant pay pre- and post-judgment interest to Chiappetta;

5. Defendant pay Chiappetta's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Chiappetta any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Eric J. Hartz*
Eric J. Hartz, Attorney No. 29676-49

Attorneys for Plaintiff
Susan Chiappetta

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
ehartz@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Susan Chiappetta, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (#7576-49)
Eric J. Hartz (29676-49)

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street
Second Floor
Indianapolis, IN 46204
Telephone:	(317) 955-9500
Facsimile:	(317) 955-2570
E-Mail:	jhaskin@jhaskinlaw.com
	ehartz@jhaskinlaw.com

Attorneys for Plaintiff